IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

FILED

JUN 2 6 2006

U.S. DISTRICT COURT
CLARKSBURG, WV 26301

CHARLES EDWARD BUNN,

Petitioner,

v.

Case No. 5:06cv56
(Judge Stamp)

G.K. WASHINGTON,

Respondent.

## OPINION/REPORT AND RECOMMENDATION

On May 10, 2006, the *pro se* petitioner filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. This case is before the undersigned for a preliminary review pursuant to LR PL P 83.09.

### I. Conviction and Sentence

As set forth in the petition, the petitioner was convicted on October 13, 1960 in the Circuit Court of Marshall County and was sentenced to one-year imprisonment. Petitioner did not file a direct appeal, nor did he file any motions for post conviction relief.

### II. Exhaustion

A petition for a writ of habeas corpus is not a substitute for pursuing state judicial remedies and a federal court may only consider those issues that petitioner presented to the state court. Picard v. Connor, 404 U.S. 270 (1971). To exhaust state remedies, a habeas petitioner must fairly present the substance of his claim to the state's highest court. Matthews v. Evatt, 105 F.3d 907 (4th Cir.), cert. denied, 522 U.S. 833 (1997). The exhaustion of state remedies is accomplished by the petitioner raising the federal issue on direct appeal from his conviction or in

a post conviction state habeas corpus proceeding followed by an appeal to the West Virginia Supreme Court of Appeals. See Moore v. Kirby, 879 F. Supp. 592, 593 (S.D. W.Va. 1995) and Bayerle v. Godwin, 825 F. Supp. 113, 114 (N.D. W. Va. 1993).

Petitioner admits that he did not present his claims in the Courts of the State, either on direct review or in a post conviction proceeding. Accordingly, petitioners' claims are not exhausted and cannot be raised on federal habeas review. See Castille v. Peoples, 489 U.S. 346, 349, *reh'g denied*, 490 U.S. 1076 (1989) (A petition for writ of habeas corpus should not be entertained unless the petitioner has first exhausted his state remedies.).

### III. Timeliness of Petition

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244 was amended by adding a new subsection that sets forth filing deadlines for an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. See 28 U.S.C. § 2244(d)(1). Therefore, absent any state court post conviction proceeding that would have tolled the federal limitation period,[1] a petitioner who's conviction and sentence became final after the effective date of AEDPA, has one-year from the date the conviction and sentence became final to file a federal habeas petition. 28 U.S.C. § 2244(d). The amendment to § 2244 became effective on April 24, 1996. For a prisoner whose conviction and sentence became final prior to the effective date of AEDPA, a one-year grace period extends from the statute's effective date. Brown v. Angelone, 150 F.3d 370, 374-375 (4th Cir. 1998).

"When a federal habeas court, prior to trial, perceives a pro se § 2254 petition to be untimely and the state has not filed a motion to dismiss based on the one-year limitations period,

---

[1] 28 U.S.C. § 2244(d)(2).

the court must warn the prisoner that the case is subject to dismissal pursuant to § 2244(d) absent a sufficient explanation, *unless it is indisputably clear from the material presented to the district court that the petition is untimely and cannot be salvaged by equitable tolling principles or any of the circumstances enumerated in § 2244(d)(1)."* See Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002)(emphasis added).

In this case, the petition is clearly untimely. Petitioner was sentenced almost 46 years ago and under AEDPA he had one-year from April 24, 1996 to timely file a habeas petition. Petitioner did not file the instant case until May 10, 2006, more than nine years after the expiration of his one-year limitation period. Moreover, the only ground that petitioner asserts is that he was coerced into taking a plea. Also, petitioner states that he accepted this conviction as fact for more than 46 years and is only now challenging it because it "keeps disrupting his life." Thus, petitioner cannot show that the State created an impediment to the timely filing of his § 2254, that his claim is based on a newly recognized constitutional right, or that the factual predicate of the claim could not have been discovered prior to the date this case was filed. Therefore, it is indisputably clear from the material presented that the petition is untimely and cannot be salvaged by equitable tolling principles or any of the circumstances enumerated in § 2244(d)(1) and a Hill v. Braxton notice is not necessary prior to dismissing the case as untimely.

## V. **Recommendation**

For the foregoing reasons, it is recommended that the petitioner's § 2254 petition be DENIED and DISMISSED WITH PREJUDICE. In light of this finding, the undersigned also recommends that petitioner's Petition for Expungement and Sealing of the Records (dckt. 11) be DENIED.

Within ten (10) days after being served with a copy of this recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner and any counsel of record.

DATED: June 26, 2006.

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE