IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CHARLES EDWARD BUNN,

    Plaintiff,

v.                                          Civil Action No. 5:06CV56
                                                    (STAMP)

G.K. WASHINGTON, Warden,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
**AFFIRMING AND ADOPTING REPORT AND**
**RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Background

As set forth in his petition, Charles Bunn ("Bunn"), pled guilty to attempting to escape while in state custody. Bunn was convicted on October 13, 1960 and was sentenced to one year imprisonment to be served after the expiration of his present sentence. On May 10, 2006, petitioner filed for a Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254. The petition was referred to United States Magistrate Judge John S. Kaull for preliminary review pursuant to Local Rule of Prisoner Litigation Procedure 83.13. On June 26, 2006, the magistrate judge issued a report recommending that Bunn's petition be dismissed. Petitioner filed objections to this recommendation on July 10 and July 12, 2006 styled, respectively, as "Notice of Motion for Appeal of Opinion-Report and Recommendation" and "Answer to Opinion/Report and Recommendation."

II. Discussion

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982); Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). In this case, since the Court cannot determine when petitioner was served with a copy of the magistrate judge's report and recommendation, timeliness of petitioner's objections will be assumed and this Court will rule on the merits de novo.

Following review of Bunn's § 2254 petition, Magistrate Judge Kaull issued a report recommending that the petition be dismissed for two reasons: (1) petitioner failed to exhaust state remedies; and (2) petitioner's petition is untimely. Because Bunn has filed objections, this Court will review the magistrate judge's report and recommendation de novo.

A. Exhaustion

The magistrate judge found that Bunn's petition for habeas corpus is not cognizable here because Bunn has failed to exhaust state remedies. Petitioner objects to this conclusion by stating that "when a sentence is wrong, the petitioner has a right to file in Court a petition for wrongful sentence and conviction."

2

Title 28, United States Code, Section 2254(b) provides that absent a valid excuse, a state prisoner must exhaust his remedies in state court before pursuing federal habeas relief. To exhaust state remedies, a habeas petitioner must fairly present the substance of his claim to the state's highest court. <u>Matthews v. Evatt</u>, 105 F.3d 907 (4th Cir. 1997). Until the state has been given the opportunity to consider the issue and afford a remedy if relief is warranted, "federal courts in habeas proceedings by state prisoners should stay their hand." <u>Durkin v. Davis</u>, 538 F.2d 1037, 1041 (4th Cir. 1976) (quoting <u>Gilstrap v. Godwin</u>, 517 F.2d 52, 53 (4th Cir. 1975)). The petitioner bears the burden of proving exhaustion. <u>See</u> <u>Breard v. Pruett</u>, 134 F.3d 615, 619 (4th Cir. 1998).

In this case, the petitioner has not filed his claims in state court, either on direct review or in a post-conviction proceeding. Petitioner's objection that he has a "right to file in Court a petition" is unavailing because no such right to federal habeas review exists without exhaustion. Thus, because petitioner has failed to exhaust his state remedies, his claims cannot be raised here on federal habeas review.

B. <u>Timeliness of the Petition</u>

The magistrate also found that Bunn's § 2254 petition was untimely and should be dismissed. Petitioner objected to this recommendation by stating that "pursuant to all cases quoted in

3

this chapter, nothing shall apply to petition because when a sentence and conviction are wrong everything is null and void."

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year limitations period within which a petitioner must file any federal habeas corpus motion. See 28 U.S.C. § 2255. If a prisoner's conviction and sentence became final prior to the AEDPA's effective date, April 24, 1996, that prisoner was entitled to a one-year grace period beginning on the statute's effective date. Brown v. Angelone, 150 F.3d 370, 374-75 (4th Cir. 1998). When it is "indisputably clear" that a petition is untimely and cannot be salvaged, federal courts are not required to warn a petitioner that the case will be subject to dismissal. See Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002).

Here, Bunn's petition is clearly untimely. Petitioner was sentenced on October 13, 1960. Even with the benefit of the one-year grace period, petitioner's habeas petition is nine years too late. Under the AEDPA, Bunn had one year from April 24, 1996 to file a timely petition. Since Bunn did not file the instant habeas petition until May 10, 2006, the petition is untimely. Further, petitioner has not shown that his claim is based on a new constitutional right, that the state created an impediment to the timely filing of his § 2254 petition, or that the factual predicate of his claim could not have been discovered prior to the date that this case was filed. Therefore, the petition here is untimely and

4

cannot be salvaged by equitable tolling principles or any of the circumstances enumerated in § 2244(d)(1).

## III. <u>Conclusion</u>

Because, after a <u>de novo</u> review, this Court concludes that the magistrate judge's recommendation is proper and the petitioner's objections to the report and recommendation lack merit, this Court hereby AFFIRMS and ADOPTS the magistrate judge's report and recommendation in its entirety. Accordingly, the petitioner's § 2254 motion is DENIED WITH PREJUDICE. This civil action is hereby DISMISSED and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgement of this Court to the United States Court of Appeals for the Fourth Circuit, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 30 days after the date of the entry of the judgment order. Upon reviewing the notice of appeal, this Court will either issue a certificate of appealability or state why a certificate should not issue in accordance with Federal Rule of Appellate Procedure 22(b)(1). If this Court should deny a certification, the petitioner may request a circuit judge of the United States Court of Appeals for the Fourth Circuit to issue the certificate.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the petitioner and counsel of record herein.

Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: September 21, 2006

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE